| | |
|---|---|
| SHARVELT MISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00148-NJR |
| | ) |
| OLUKUNLE OBADINA, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| DR. BARRA, | ) |
| DR. MURPHY, | ) |
| DR. KAYIRA, | ) |
| SUSAN GRIFFIN, | ) |
| DR. SANTOS, | ) |
| MS. LISA KREBS, | ) |
| DR. GARCIA, | ) |
| DR. NAWOOR, | ) |
| MRS. HACKNEY, | ) |
| MS. KATHY GAVIN, and | ) |
| DR. MATTRICKS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Sharvelt Mister, a former inmate of the Illinois Department of Corrections ("IDOC"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, which occurred during his time at Pinckneyville Correctional Center ("Pinckneyville").[1] Plaintiff claims that he received inadequate medical care in violation of his Eighth Amendment rights; he seeks monetary damages and injunctive relief.

---

[1] Under Section 1983, claims brought in Illinois are governed by the two year statute of limitations in Illinois. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). According to the First Amended Complaint, Plaintiff was transferred from Menard Correctional Center to Pinckneyville on December 26, 2007, and then at an unspecified date, he was transferred to Taylorville Correctional Center. Although the claims appear to be barred by the statute of limitations, the exact timeframe of when the constitutional violations occurred at Pinckneyville is unclear from the First Amended Complaint, and thus the Court will refrain from dismissing the First Amended Complaint at this time.

This case is now before the Court for preliminary review of the First Amended Complaint (Doc. 11) pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**FIRST AMENDED COMPLAINT**

Plaintiff makes the following allegations: Before he entered the custody of IDOC, Plaintiff was diagnosed with a lower back injury, as well as a fractured wrist and neck. (Doc. 11, p. 5). While in custody, Plaintiff was again diagnosed with a fractured neck and wrist, lower back injury, and stomach conditions, and he was told by a specialist that surgery was needed. *Id.*, p. 6. At some point during custody, Plaintiff was ordered a low-bunk permit. *Id.*, p. 7. During his time at Pinckneyville, his low-bunk permit was revoked, and he continued to suffer because of his various injuries. *Id.* Although Dr. Obadina, who was Plaintiff's treating physician, was aware of his medical history and current condition, Dr. Obadina continued to prescribe treatment that was failing to address Plaintiff's pain and symptoms. *Id.*, pp. 2, 6. Dr. Obadina did not alter Plaintiff's prescription or explore alternative treatment options, despite Plaintiff's complaint of increasing pain and the recommendations of a specialist. *Id.*, p. 11. As a result, Plaintiff has suffered great mental and physical pain, damage to his nervous system, and he has been unable to go about daily activities or seek employment. *Id.*, p. 12. Plaintiff alleges that Dr. Obadina acted with deliberate indifference to his serious medical needs, specifically regarding his treatment and pain management. *Id.*, p. 13. Wexford Health Sources, Inc.

---

[2]A Section 1915A review is triggered when the plaintiff is a prisoner at the time of filing the complaint, whether or not the plaintiff is subsequently released from prison. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669 n.1 (7th Cir. 2012).

("Wexford"), Dr. Obadina's employer and supervisor, knew of Plaintiff's condition and of Dr. Obadina's failure to treat and manage Plaintiff's pain and failed to ensure that Dr. Obadina provided adequate care. *Id.*, p. 13. Plaintiff also alleges that Wexford operates pursuant to a policy under which it declines to confirm that adequate care is instituted, even after care is deemed or suspected inadequate. *Id.*

### PRELIMINARY MATTERS

First, Plaintiff cannot maintain his claim against IDOC because it is a state government agency. It is well established that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). For these reasons, IDOC is dismissed with prejudice from this action.

Plaintiff also includes a list of individuals in the midst of his First Amended Complaint (Doc. 11, p. 3). Unfortunately, however, these individuals are not listed in the caption of the First Amended Complaint. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). As such, Defendants Barra, Murphy, Kayira, Griffin, Santos, Krebs, Garcia, Nawoor, Hackney, Gavin, and Mattricks are dismissed without prejudice. If Plaintiff intended to bring claims against these individuals, he must submit an amended complaint.

Finally, Plaintiff's request for injunctive relief is rendered moot by his discharge from incarceration. The removal of a prisoner from the institution where he was subject to unconstitutional

behavior generally renderers a prayer for injunctive relief moot unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). Plaintiff's change of address indicates that not only he is no longer in IDOC custody, but that he has moved to Georgia. (Doc. 9). Further, Plaintiff had already been transferred out of Pinckneyville by the time he filed suit. As such, Plaintiff's request for injunctive relief is denied without prejudice.

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** Eighth Amendment claim against Dr. Obadina and Wexford for deliberate indifference to Plaintiff's serious medical needs.

**Count 2:** Eighth Amendment, Americans with Disabilities Act, and/or Rehabilitation Act claim arising from the revocation of Plaintiff's low bunk permit while at Pinckneyville.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Count 1

The Eighth Amendment has been held to prohibit deliberate indifference to a prisoner's serious medical need. In order to state a claim for deliberate indifference to a serious medical need, an inmate must show: (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). The deliberate indifference element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1970)). "Delaying treatment may constitute deliberate indifference if such delay

exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). A medical professional's actions may also reflect deliberate indifference if he "chooses an easier and less efficacious treatment without exercising professional judgment or simply continues with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (citations and quotations omitted).

Plaintiff has adequately alleged that Dr. Obadina's actions were deliberately indifferent. Plaintiff claims that he was diagnosed while in IDOC custody with the injuries that had also existed and been previously diagnosed prior to his conviction. Plaintiff also states that his condition deteriorated under Dr. Obadina's care and that Dr. Obadina continued to prescribe the same ineffective treatment, despite the recommendations of a specialist. Plaintiff has stated a colorable claim, and therefore Count 1 pertaining to Dr. Obadina survives screening.

Plaintiff alleges that Wexford was also deliberately indifferent to his medical needs in violation of the Eighth Amendment. Wexford is a corporation that employs Dr. Obadina and provides medical care at the prison, but it cannot be held liable solely on that basis. Normally, a private corporation is shielded from vicarious liability under Section 1983. In the prison context, however, Wexford is presumed to act under color of state law and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n. 6 (7th Cir. 2002). To state a claim against a municipality, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). A policy claim can include implicit policies or gaps in explicit policies. *Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016).

Here, Plaintiff has only claimed that Wexford has a policy under which it "declines to confirm that adequate care is instituted even after care is deemed or suspected inadequate." (Doc. 11, p. 13). Plaintiff has not claimed that any act by Wexford led to his alleged deprivation of rights. *See Olive v. Wexford Crop.*, 494 F. App'x 671, 673 (7th Cir. 2012) (allegation that Wexford had a policy of "denying prison inmates adequate medical care" insufficient, as it did not "identify any concrete policy, let alone an unconstitutional one"). As such, Count 1 against Wexford is dismissed without prejudice.

**Count 2**

The Eighth Amendment, the Americans with Disabilities Act, and/or the Rehabilitation Act claims arising from Plaintiff's revocation of a low bunk permit do not survive screening. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2010) (requiring courts "to analyze a litigant's claims and not just legal theories that he propounds"). The Court finds it unnecessary to delve into the merits of Plaintiff's allegation at this time, as he has failed to associate specific defendants with this claim and include sufficient factual details. Under Rule 8(a) of the Federal Rules of Civil Procedure, plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). To state a claim against a defendant, Plaintiff must describe what each named defendant did, or failed to do, that violated Plaintiff's constitutional rights. Plaintiff has failed to associate these claims with any of the named defendants. Accordingly, Count 2 is dismissed without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **Count 1** shall proceed against **Dr. Obadina**. **Wexford Health Sources** is **DISMISSED without prejudice** from **Count 1**. Because there are no further claims against it, **Wexford Health Sources** is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that **Count 2** is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted, and **Illinois Department of Corrections** is

**DISMISSED with prejudice** from this action. Defendants **Barra, Murphy, Kayira, Griffin, Santos, Krebs Garcia, Nawoor, Hackney, Gavin,** and **Mattricks** are **DISMISSED without prejudice** from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Dr. Obadina**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission

of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 3, 2019**

                                                                                       _____
                                                                                       **NANCY J. ROSENSTENGEL**
                                                                                       **Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. Once the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.