**FIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SHARVELT MISTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )　　**Case No. 19-cv-00148-NJR** |
| | ) |
| **OLUKUNLE OBADINA,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Sharvelt Mister, a former inmate of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights regarding the inadequate medical care he received during his time at Pinckneyville Correctional Center ("Pinckneyville"). The First Amended Complaint survived screening under 28 U.S.C. § 1915A,[1] and Plaintiff was allowed to proceed with a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment against one defendant, Dr. Obadina. The Merit Review Order dismissed all other defendants. (Doc. 15, pp. 6-7).

Dr. Obadina's service of process was returned unexecuted on May 8, 2019. (Doc. 18). A letter sent to the Court from Wexford Health Sources, Inc, Dr. Obadina's employer, stated that he had permanently retired to Africa in 2010. *Id.* Plaintiff was then ordered to either serve process on Dr. Obadina or provide additional information to the Court by August 12, 2019, so that process may be served on him. (Doc. 19). Additionally, he was warned that failure to do so would result in the dismissal of Dr. Obadina, and because he is the sole defendant, the entire action would also be dismissed.

---

[1]A Section 1915A review is triggered when the plaintiff is a prisoner at the time of filing the complaint, whether or not the plaintiff is subsequently released from prison. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669 n.1 (7th Cir. 2012).

Plaintiff missed the deadline. More than a week has passed since it expired, and he has not served process on Dr. Obadina or provided the Court with additional information as ordered. Defendant Dr. Obadina is therefore dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). As such, no defendants remain, and the entire action will be dismissed without prejudice.

DISPOSITION

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 20, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

2